BEN TAYLOR *v.* J. W. TAYLOR.

**Bond—Mutual Mistake in Giving—Second Surety not Liable.**

Mistakes in the execution of a bond given, can be corrected like other instruments, where it is shown that a prior bond for the same purpose had been executed.

APPAEL FROM M'LEAN CIRCUIT COURT.

June 11, 1870.

OPINION OF THE COURT BY JUDGE HARDIN:

The only question in this case is one of fact, whether the bond dated 8th of February, 1860, purporting to have been given by the appellant and John Brackett, that Hawkins would perform the judgment of the court in the action against him, is the act and deed of the appellant. He admits he gave a claimant's bond for the property levied under the attachment against Hawkins, but with Frank Wright instead of Brackett as his surety, under section 235 of the Civil Code, and Wright and Dexter prove the execution of such a bond, which was the only description of bond he can reasonably be supposed to have intended to give consistently with his claim to the property, and part in the controversy. The claim against Hawkins was not controverted by appellant, but only the appellee's right to subject property or money in appellant's hands to its satisfaction, which he resisted, claiming the property and denying that he was indebted to Hawkins, and, as Wright and Dexter prove, gave his bond as claimant of the property. It is difficult to conceive why he would have also executed another bond having the effect to make him liable for the debt of Hawkins, although he succeeded in sustaining his claim to the property. The sheriff failed to explain why he could have taken two bonds from the appellant, one with Wright as surety and the other with Brackett as surety, and the fair inference from all the evidence is that he took but one bond, which was understood and intended by the appellant, who could not read or write, to be such a bond as Wright and Dexter prove to have been

given, and not that returned by the sheriff, which may have resulted from some unexplained mistake and without intentional wrong on the part of the officer. Nevertheless, we are of the opinion that it was not the binding obligation of the appellant, and the court erred in rendering the judgment to enforce it as such.

Wherefore, the judgment is reversed and the cause remanded for a judgment in conformity to this opinion.

*Turner, for appellant.*

*L. P. Little, for appellee.*